Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Plaintiffs Edelman Arts, Inc. and Asher Edelman*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
EDELMAN ARTS, INC. and ASHER
EDELMAN,

                            Plaintiffs,

                    - against -

STAR NET INSURANCE COMPANY and
BERKLEY ASSET PROTECTION
UNDERWRITING MANAGERS,

                         Defendants.
-----------------------------------------------------------X

Case No. 16 Cv. 4929

**ECF CASE**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Edelman Arts, Inc. and Asher Edelman (collectively, "Plaintiffs" or "Edelman Arts"), by their attorneys, Carter Ledyard & Milburn LLP, as and for their Complaint, allege the following:

### NATURE OF THE CLAIMS

1. This action concerns the denial of insurance coverage by Berkley Asset Management and StarNet Insurance Company (collectively, "StarNet") following substantial damage to a work of fine art.

2. The artwork at issue, a sculpture entitled *Five Neons say Rietuto, Mio Nome, Nebuloso, Avido, Farfallesco,* consisting of neon and leather belts, created by Pier Paolo Calzolari in or around 1969 (the "Artwork"), was consigned by Edelman Arts to Geoffrey Diner

7817809.1

Gallery ("Diner") pursuant to a consignment agreement dated June 3, 2015 (the "Consignment Agreement").

3. On or around September 16, 2015, the Artwork suffered severe damage (the "Damage") during Diner's shipment of the Artwork from Europe to New York.

4. Edelman Arts attempted to work with Diner and Diner's insurer, AXA Art Insurance ("AXA"), to obtain compensation for the Damage, but Diner and AXA unreasonably delayed and have failed to provide compensation for Plaintiffs' loss, and Edelman Arts filed an action against Diner, which action is currently pending in the U.S. District Court for the District of New York, Docket Number 16-CV-02157.

5. When Diner's insurer failed to pay the loss caused by the Damage, Edelman Arts turned to its own insurer, StarNet, seeking compensation, but StarNet has also failed to pay the loss, breaching its contract of insurance with Plaintiff.

6. The fair market value of the Artwork at the time of the loss on September 16, 2015 was $600,000, and Edelman Arts has suffered a total loss.

## THE PARTIES

7. Plaintiff Edelman Arts, Inc. is a New York corporation located at 135 East 15th Street, New York, New York 10003 and domiciled in New York. Edelman Arts, Inc. is the consignor under the Consignment Agreement.

8. Plaintiffs Asher Edelman is an individual domiciled in New York, New York. Asher Edelman is the owner of the Artwork, and consigned the Artwork to Edelman Arts, Inc.

9. Upon information and belief, StarNet Insurance Company is incorporated and domiciled in the State of Delaware, with a principal place of business in Napierville, Illinois, duly authorized to transact the business of insurance in the state of New York, and transacts

business in New York through its underwriting agent, Berkley Asset Protection Underwriting Managers.

10. Upon information and belief, Berkley Asset Protection Underwriting Managers is incorporated and domiciled in the State of Delaware, with a principal place of business in Napierville, Illinois, and transacts business at its offices at 757 Third Avenue, 10th Floor, New York, New York 10017.

11. At all times relevant to the allegations in this complaint, StarNet engaged in, among other things, the trade of underwriting commercial insurance for fine art.

## JURISDICTION

12. This Court has personal jurisdiction over each of the Defendants because Defendants have transacted business within the State, including the transactions at issue in this litigation.

13. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship among Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

14. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here. In particular, Defendants negotiated the contract of insurance at issue here from and through their offices, communications and actions in this District, and the artwork at issue is located in this District.

## FACTUAL BACKGROUND

*The Artwork*

15. The Artwork is a sculpture entitled *Five Neons say Rietuto, Mio Nome, Nebuloso, Avido, Farfallesco.*

16. The Artwork consists of neon and leather belts.

17. The Artwork was created by Pier Paolo Calzolari ("Calzolari").

18. The Artwork was created in or around 1969.

19. There is a Certificate of Authenticity for the Artwork consisting of a photograph of the Artwork with a handwritten and signed statement by the artist on the reverse.

*The StarNet Insurance Policy*

20. StarNet issued an "All Risk" Fine Art Insurance policy bearing Policy No. BFAD-40000370-20, with a policy period of March 29, 2015 through March 29, 2016 (the "StarNet Policy").

21. Pursuant to the terms of the StarNet Policy, Edelman Arts paid the premiums due to Starnet.

22. Pursuant to the terms of the StarNet Policy, Edelman Arts complied with each and every provision and obligation of the StarNet Policy.

23. The Damage to the Artwork was discovered upon delivery on or about September 16, 2015 constitutes a loss that was covered under the Policy.

24. Edelman Arts promptly reported the Damage to StarNet.

25. Edelman Arts provided StarNet and its adjuster with access to inspect the Damage.

7817809.1

26.     Paragraph 28 of the StarNet Policy requires all adjusted claims to be paid or made good to the insured within sixty days after presentation and acceptance of satisfactory proof of interest and loss.

27.     StarNet has incorrectly asserted that AXA will compensate Edelman Arts for the Damage.

28.     StarNet has effectively refused to pay the claim under the StarNet Policy.

29.     StarNet has breached its contract of insurance by refusing to pay the loss.

30.     The Basis of Valuation set forth in the StarNet Agreement for consigned property is the agreed net consigned value plus 10%.

31.     The Consignment Agreement provided for Edelman Arts to be paid $500,000 upon Diner's sale of the Artwork.

*The Damage*

32.     Diner arranged for the return shipment of the Artwork to Edelman Arts through Bourlet Art Logistics on September 16, 2015.

33.     The package containing the Artwork was opened on September 16, 2015 in the presence of Edelman Arts and Bourlet Art Logistics.

34.     The Artwork had sustained severe damage. Among other things, two neon words that are part of the Artwork were broken.

35.     The Artwork is unmarketable for more than salvage value without substantial repair work.

36.     Artists can and do disclaim authorship of damaged works or works that have been repaired in ways with which the artist disagrees, and auction houses and other sellers will generally respect any such disavowal of severely damaged work.

7817809.1

37. The Artwork is unmarketable as a work by Calzolari unless the repair work is authorized by Calzolari.

38. The Fondazioni Calzolari ("Calzolari Foundation") is Calzolari's authorized agent for reviewing applications for restoration of the Artwork,

39. Edelman Arts made diligent efforts to coordinate with Diner's insurer, AXA, to obtain the required approval of the Calzolari Foundation for the restoration of the Artwork through an adjuster retained by AXA, including by promptly conveying information and regularly following up. However, AXA unreasonably delayed its purported attempts to seek permission for restoration of the Artwork, and has not compensated Edelman Arts for its loss from the Damage.

40. Edelman Arts filed an action against Diner, seeking compensation on the grounds of breach of contract and negligence, which action is currently pending in the U.S. District Court for the District of New York, Docket Number 16-CV-02157.

41. Edelman Arts has made diligent efforts to mitigate its damages.

42. StarNet has refused to pay Edelman Arts' claim.

43. StarNet has refused to provide assistance with Edelman Arts' action against Diner.

44. StarNet has refused to meet with Edelman Arts regarding its claim.

45. To date, Edelman Arts has not received any compensation for its loss.

46. Edelman Arts suffered a total loss of the Artwork on September 16, 2015.

47. Edelman Arts has paid tens of thousands of dollars to StarNet in insurance premiums.

48. Edelman Arts, as an insured, is entitled to prompt payment from its insurer.

49.     Edelman Arts is entitled to statutory interest in the amount of 9 per cent per annum from the date of the loss pursuant to CPLR §§ 5001 and 5004.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

50.     The allegations contained in paragraphs 1 to 49 of this Complaint are repeated and realleged with the same force and effect as if set forth fully herein.

51.     Edelman Arts and StarNet entered into an agreement for insurance with respect to the Artwork.

52.     By virtue of the foregoing, Edelman Arts performed all its obligations under the StarNet Policy.

53.     The StarNet Policy required StarNet to promptly settle Edelman Arts' claim.

54.     By virtue of the foregoing, Starnet has breached the terms of the StarNet Policy.

55.     Edelman Arts has suffered a total loss in the amount of $600,000.

56.     By reason of the foregoing breach of contract, Edelman Arts is entitled to compensatory damages of $550,000 pursuant to the StarNet Policy and statutory interest at the rate of 9 per cent per annum since September 16, 2015.

## JURY DEMAND

57.     Plaintiffs hereby demand a trial by jury.

7817809.1

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for relief as follows::

(A) On the First Claim for Relief, Judgment that the Defendants breached their contract with Plaintiffs;

(B) For an Order awarding the Plaintiff damages in the amount of $550,000 insurance value and statutory interest of 9 per cent per annum since September 15, 2015, and

(C) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 24, 2016

CARTER LEDYARD & MILBURN, LLP

By *[signature]*
Ronald D. Spencer
Judith M. Wallace
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232

*Attorneys for Plaintiffs*